Argued and submitted April 19, affirmed August 2, petition for review denied
November 21, 2006 (342 Or 46)

## KLAMATH COUNTY SCHOOL DISTRICT,
an Oregon corporation,
*Respondent,*

*v.*

## Bert TEAMEY,
*Appellant.*

## 0300627CV; A126655

140 P3d 1152

Bradford J. Aspell argued the cause for appellant. With him on the brief was Aspell, Della-Rose & Richard.

Jacqueline L. Koch argued the cause for respondent. With her on the brief was Koch & Deering.

Jack L. Orchard and Ball Janik LLP filed the brief *amici curiae* for Oregon Newspaper Publishers Association, Inc., Klamath Falls Herald and News/Pioneer News, The Associated Press, The Oregonian, Eugene Register-Guard, The Statesman Journal-Salem, Gold Beach Curry Coastal Pilot,

McMinnville News-Register, Roseburg News-Register, The Dalles Chronicle, Albany Democrat Herald, Corvallis Gazette-Times, Lebanon Express, Hillsboro Argus, The Bend Bulletin, East Oregonian-Pendleton, Sheridan Sun, Junction City Tri-County News, Grants Pass Daily Courier, Tillamook Headlight-Herald, Lincoln City News-Guard, The Mail Tribune-Medford, Lakeview Lake County Examiner, Hood River News, Redmond Spokesman, St. Helens Chronicle, and Keizertimes.

Peter J. Dassow filed the brief *amicus curiae* for Oregon School Boards Association.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

This appeal involves the intersection of two legal principles: the attorney-client privilege and the public's right of access to government records. Defendant, a resident of Klamath County, appeals from a judgment declaring certain records of plaintiff, the Klamath County School District (the district), to be exempt from disclosure under Oregon's public records laws, ORS 192.410 to 192.505, because, among other reasons, they are confidential under the attorney-client privilege. He argues that, because the district failed to adhere to statutory disclosure procedures, it was precluded from asserting that the requested records are exempt from disclosure. He also contends that the attorney-client privilege does not apply in the context of this case. Finally, defendant challenges the trial court's award of costs and disbursements to the district and its denial of costs and disbursements and attorney fees to defendant. We affirm.

Before we recount the facts of this case, an overview of some of the statutory provisions at issue is helpful to put the facts in context. ORS 192.420(1) provides that "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505." ORS 192.501 and ORS 192.502 specify a variety of records that are exempt from disclosure. Some records are exempt only under certain conditions; others are unconditionally exempt.

If a public body denies a person access to public records, ORS 192.450 to 192.490 provide procedures to compel disclosure. Under ORS 192.450(1), "any person denied the right to inspect or to receive a copy of any public record of a state agency may petition the Attorney General to review the public record to determine if it may be withheld from public inspection." ORS 192.460 provides that the same procedures described in ORS 192.450 apply if a person is denied access to a public record by a public body other than a state agency, but the district attorney of the county in which the public body is located is to carry out the functions assigned to the Attorney General in ORS 192.450. Thus, in a case such as this one, the person must petition the district attorney to review the sought public record. ORS 192.470 prescribes the

form that the petition must take and, in subsection (2), provides:

> "Promptly upon receipt of such a petition, the Attorney General or district attorney shall notify the public body involved. The public body shall thereupon transmit the public record disclosure of which is sought, or a copy, to the Attorney General, together with a statement of its reasons for believing that the public record should not be disclosed. In an appropriate case, with the consent of the Attorney General, the public body may instead disclose the nature or substance of the public record to the Attorney General."

The public body bears the burden of sustaining its action. ORS 192.450(1). If the Attorney General or district attorney grants the petition in whole or in part and orders the public body to disclose the record, the public body must, within seven days, either comply with the order or issue a notice of its intention to institute proceedings for injunctive or declaratory relief. ORS 192.450(2). If the public body issues such a notice, it must institute the proceedings within another seven days. *Id.* If the Attorney General or district attorney denies the petition in whole or in part, or if the public body withholds a record notwithstanding an order to disclose it and does not seek judicial relief, the person seeking disclosure may institute proceedings for injunctive or declaratory relief. *Id.*

With that overview in mind, we turn to the facts of this case, which we review *de novo*. ORS 192.490(1). We take the following facts from the record. In June 2000, Klamath County residents attended a meeting of the Klamath County School Board and presented a number of written allegations of mismanagement and misconduct by district employees. The allegations included, among other things, failing to enforce district policies, using district property for personal gain, failing to follow appropriate cost containment policies, making inappropriate expenditures, and entering into transactions with administrative insiders.

The district sent a copy of the allegations to an attorney, Zagar. Zagar was not a district employee, but he had represented the district in other matters in the past. The school board chairman, Weldon, contacted Zagar to ask him

how the board should respond to the allegations. Zagar told Weldon that, for him to provide legal advice, the allegations needed to be investigated. Zagar testified that, because he is not himself "equipped as a private investigator," he suggested that he hire an independent auditor to examine the fiscal allegations and a private investigator to inquire into the personnel issues. The board later authorized Zagar to proceed, so he contracted the services of an auditor and an investigator. Zagar informed them that he was retaining them to assist in rendering legal advice, that the investigation was confidential, and that they should tell people whom they interviewed that any information they provided would remain confidential. They conducted investigations and submitted to Zagar reports summarizing their factual findings and providing opinions and conclusions. Zagar forwarded the reports to the school board. In December 2000, he met with the board to give legal advice based on the reports.

The two reports were not made public. In January 2001, the district issued a press release stating that the investigations had been conducted. The press release stated, in part:

> "There are a few of our district policies that need to be strengthened and our purchasing procedures need to be reviewed. This is now being accomplished and will be monitored by the superintendent. We also believe the charges against district administrators are not substantiated and we believe there is clear evidence of <u>no wrongdoing</u>!"

(Underscoring in original.) It also stated, "[W]e have also sharpened our policies [and] strengthened our positions in several areas * * *."

In March 2002, defendant wrote to the district superintendent requesting copies of the reports. The superintendent declined to provide the reports, asserting that they were confidential under the attorney-client privilege. The following month, pursuant to ORS 192.460, defendant petitioned the Klamath County District Attorney to order the district to comply with defendant's request. On January 27, 2003, the district attorney wrote a letter to the district instructing it to deliver to his office, no later than the following day, a copy of the reports together with a statement of the

district's reasons for believing that the reports should not be disclosed. Zagar responded by letter the following day, asserting that the reports were exempt from disclosure under ORS 192.502(9) by virtue of the attorney-client privilege. Zagar did not include a copy of the reports with his letter.

On February 6, 2003, the district attorney wrote to Zagar and the superintendent, informing them that the district had not met its burden to establish that the reports should not be made public and ordering the district either to disclose the reports to defendant within seven days or to seek declaratory relief in the circuit court. On February 18, 2003, the district filed this action for declaratory relief, asserting that the reports are exempt from disclosure because they are protected by the attorney-client privilege under ORS 192.502(9); constitute internal advisory communications protected by ORS 192.502(1); contain confidential submissions protected by ORS 192.502(4); and fall within the personal privacy exemption under ORS 192.502(2). In his answer, defendant asserted two affirmative defenses. First, he argued that, because the district refused to deliver a copy of the reports to the district attorney, as required by ORS 192.470(2), it should be estopped from claiming the benefit of any statutory exemptions from disclosure. Second, he argued that the district's refusal constituted a waiver of all exemptions except the attorney-client privilege, which defendant asserted was not applicable.

After a trial to the court, the court announced its decision in a letter opinion. It held that the district had not waived the right to assert statutory exemptions from disclosure by failing to comply with ORS 192.470(2). The court also held that only certain portions of the reports—which the court had reviewed *in camera*—are exempt from disclosure as internal communications or confidential submissions, but that the reports in their entirety are exempt pursuant to the attorney-client privilege.

After the court issued its opinion, the district sought an award of costs and disbursements. Defendant also sought costs and disbursements, as well as attorney fees, relying on ORS 192.490(3), which provides, in part:

"If the state agency failed to comply with the Attorney General's order in full and did not issue a notice of intention to institute proceedings pursuant to ORS 192.450(2) within seven days after issuance of the order, or did not institute the proceedings within seven days after issuance of the notice, the petitioner shall be awarded costs of suit at the trial level and reasonable attorney fees regardless of which party instituted the suit and regardless of which party prevailed therein."

Defendant argued that he was entitled to the award because the district had failed to comply with the district attorney's January 27, 2003, letter instructing the district to deliver a copy of the reports to his office. The court concluded that the district was entitled to costs and disbursements; it denied defendant's request.

On appeal, defendant makes four assignments of error. In the first assignment, he argues that the district waived the right to assert statutory exemptions from disclosure by failing to provide copies of the reports to the district attorney. In his second and third assignments, defendant argues that the attorney-client privilege does not apply and that, if it does, the district waived the privilege by disclosing a significant part of the content of the reports in the press release that it issued.[1] Finally, defendant assigns error to the court's rulings on costs and disbursements and attorney fees.

We begin with defendant's first assignment of error. Defendant argues that the trial court erred in concluding that the district had not waived the right to assert exemptions from disclosure by failing to comply with statutory procedures. In defendant's view, if a public body does not transmit public records to the Attorney General or district attorney pursuant to ORS 192.470(2), it may not thereafter assert that the records are exempt from disclosure. Defendant also argues that, without a copy of the reports at issue here, the district attorney could not appropriately fulfill his function to determine whether they qualified for a statutory exemption. According to defendant, failure to comply with

---

[1] Defendant does not challenge the trial court's conclusion that parts of the reports are exempt from disclosure as internal communications or confidential submissions.

ORS 192.470(2) removes the district attorney from his or her role to make an initial determination and improperly eliminates the burden on the public body to sustain its action. The district responds that failure to transmit public records to the Attorney General or district attorney does not constitute a waiver of the right to assert that the records sought are exempt from disclosure.

■ We agree with the district. Although defendant correctly observes that ORS 192.470(2) provides that the public body "shall" transmit the public records at issue to the Attorney General, nothing in the statutory scheme indicates that the penalty for noncompliance is that the public body may not thereafter assert that the record is exempt from disclosure under ORS 192.501 or ORS 192.502. Rather, the consequence of noncompliance is that the Attorney General or district attorney must conclude that the public body failed to meet its burden to sustain its action—as happened in this case—and will order the public body to disclose the record. The public body must then either disclose the record or sustain its action in court, either by instituting proceedings for declaratory or injunctive relief within strict time limits or—at risk of having to pay costs and attorney fees even if the public body prevails—by leaving it to the petitioner to institute such proceedings. ORS 192.450(2); ORS 192.490(3). In short, nothing in the governing statutes indicates that the exemptions provided in ORS 192.501 and ORS 192.502 apply only if the public body complies with the requirements of ORS 192.470(2). We reject defendant's first assignment of error.

In his second assignment of error, defendant argues that the district waived the attorney-client privilege by issuing the press release. According to defendant, the press release revealed a significant part of the contents of the reports. The district argues that the information in the press release did not disclose the contents of the reports.

We decline to consider this assignment of error on its merits, because we conclude that the issue defendant raises is not preserved. *See State v. Wyatt*, 331 Or 335, 344-46, 15 P3d 22 (2000) (appellate courts have an independent obligation to determine whether an argument advanced on appeal was preserved at trial). Although, as defendant asserts, the

trial court stated that the press release did not amount to a waiver of the attorney-client privilege, that statement was an inessential, uninvited comment made in the context of the court's analysis of whether the district had waived the right to assert statutory exemptions by failing to comply with ORS 192.470(2). None of the court's rulings on the issues raised by defendant's pleadings and arguments rested on that statement. Defendant did not plead waiver of the attorney-client privilege as an affirmative defense. *See* ORCP 21 A ("Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto [with exceptions not applicable here]."). In fact, in his answer, he specifically pleaded that the district had waived all exemptions from disclosure under ORS 192.502(2) *except* the attorney-client privilege; he asserted that the privilege simply is not applicable. Nor was the issue "tried by express or implied consent of the parties," ORCP 23 B; defendant never argued that the district waived the privilege by issuing the press release. *See Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or 487, 501, 982 P2d 1117 (1999) ("Generally, on appeal, the case should be heard on the same theory on which it was presented in the court below."). Because the issue was not properly raised in the trial court, we decline to consider the merits of defendant's argument.

In his third assignment of error, defendant challenges the trial court's conclusion that the attorney-client privilege applies in this case. Defendant raises a number of legal and factual arguments. He first argues that, in the context of a public records request, the attorney-client privilege applies only to communications made pursuant to ongoing or threatened litigation. He relies on ORS 192.501(1), which provides that "[r]ecords of a public body pertaining to litigation to which the public body is a party" are exempt from disclosure if litigation is ongoing or reasonably likely to occur. Defendant acknowledges that ORS 192.502(9) has previously been construed to include the attorney-client privilege,[2] but

---

[2] ORS 192.502(9) provides an exemption from disclosure for "[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law." *See Oregonian Publishing v. Portland School Dist. No. 1J*, 329 Or 393, 399, 987 P2d 480 (1999) (ORS 192.502(9) is a "catchall" exemption intended to encompass all exemptions specifically listed in *former* ORS 192.500(2)(h) (1985), *repealed by* Or Laws 1987, ch 764, § 1); *see also*

he argues that, because the privilege is "not specifically codified by the legislature, [it] should be applied sparingly and with restraint * * *." He contends that the legislative history of the public records laws shows that exemptions from disclosure should be narrowly and specifically defined and only permitted where there is an overwhelming public interest in maintaining confidentiality. Defendant argues that the attorney-client privilege is not absolute, noting that the privilege is conditioned on the existence of a number of factors and the nonexistence of others. Finally, defendant argues that Zagar's primary function was investigation, not rendition of legal services, so the attorney-client privilege does not apply in this case.[3]

■■ Defendant's legal arguments present a question of statutory interpretation that we analyze according to the framework set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). To discern legislative intent, we look first to the text in context and, if necessary, to legislative history and other aids to construction. *Id.* The text of ORS 192.502(9) unambiguously provides that, if public records are "confidential or privileged under Oregon law," they are unconditionally exempt from disclosure. Neither that statute nor OEC 503—which governs the attorney client privilege—limits the exemption or the privilege itself to communications made in the context of pending or anticipated litigation.[4] Nor does the statute provide for discretion for courts to apply the exemption "sparingly and with restraint" or to apply it only when there is "an overwhelming public interest in maintaining confidentiality." Unlike certain other provisions in ORS 192.501 and ORS 192.502,[5]

*former* ORS 192.500(2)(h) (specifying ORS 40.225, at which OEC 503—the attorney-client privilege—is codified).

[3] Defendant also argues that the attorney-client privilege does not prevent the disclosure of facts underlying confidential communications. Be that as it may, *see State v. Riddle*, 330 Or 471, 481-82, 8 P3d 980 (2000), defendant is seeking disclosure of the communications—the reports—themselves.

[4] Although defendant correctly asserts that the reports at issue in this case would not be exempt from disclosure under ORS 192.501(1), the district does not argue, and the trial court did not hold, that the reports are exempt under that provision.

[5] *See, e.g.,* ORS 192.501 (providing that the exemptions enumerated in that statute apply "unless the public interest requires disclosure in the particular

which expressly require courts to balance confidentiality and public interest, the exemption here applies without regard to such considerations. Thus, the statute does not appear to allow for either a "narrow" or a "broad" reading. Instead, the statute is clear on its face: if the requirements of OEC 503 are satisfied, the attorney-client privilege applies.[6] We turn to whether those requirements were satisfied here.

OEC 503(2) provides that the privilege applies to "confidential communications made for the purpose of facilitating the rendering of professional legal services to the client[.]"[7] As noted, defendant argues that the district hired Zagar primarily to investigate, not to render legal advice. Defendant's position is not supported by the record. To the contrary, Zagar testified that the board approached him about legal advice and that he recommended an investigation. He stated that the school board had sent him a copy of the written allegations that the board had received and that the board chairman then contacted him by telephone: "We discussed how to respond to the complaints, * * * how I could best provide legal advice to the board as to what it should do in relationship to these complaints. I told him that in order to provide him with legal advice that the complaints had to be investigated * * *." One of the board members, Stevens, also testified that the investigation was Zagar's idea and that he had recommended it to the board. Defendant points to no contradictory evidence in the record, and we have found none.

■    The testimony of Zagar and Stevens demonstrates that (1) the district's purpose in contacting Zagar was to seek legal advice, (2) the auditor and investigator who wrote the reports were employed to assist Zagar in the rendition of professional legal services, (3) the investigation was carried out

---

instance"); ORS 192.502(1) (providing that exemption for communications within a public body applies only if, in the particular instance, "the public interest in encouraging frank communication between officials and employees of public bodies clearly outweighs the public interest in disclosure").

[6] Because the statute is not ambiguous, defendant's reliance on legislative history is unavailing. *PGE*, 317 Or at 611.

[7] Defendant notes that OEC 503 includes other requirements, but he does not specifically argue that any of them are unfulfilled in this case. We conclude that all of the requirements are satisfied.

to facilitate his rendition of legal advice, and (4) Zagar relied upon the reports of the investigation in giving legal advice to the board.[8] *Cf. State ex rel OHSU v. Haas*, 325 Or 492, 501-02, 492 P2d 261 (1997) ("A lawyer who conducts an internal investigation concerning a client's potential legal liability, provides the client with a written report on the results of that investigation, and advises the client on ways to resolve problems uncovered in the investigation renders professional legal services to the client."). We conclude that, under those circumstances, the reports of the auditor and private investigator were confidential communications within the meaning of OEC 503 and were therefore exempt from disclosure under ORS 192.502(9).

■ We turn to defendant's final assignment of error, in which he challenges the trial court's award of costs and disbursements to the district and its denial of costs and attorney fees to defendant. We first consider whether defendant is entitled to his costs and attorney fees. As noted above, ORS 192.490(3) provides, in part, that, regardless of which party prevailed in the action, the petitioner is entitled to costs and attorney fees "[i]f the state agency failed to comply with the Attorney General's order in full" and did not give notice of its intention to institute proceedings for judicial relief within seven days after issuance of the order, or did not institute the proceedings within seven days after giving notice.

According to defendant, "the Attorney General's order in full" refers both to the initial notice to the public body under ORS 192.470(2)—after which the public body is to provide the record sought along with a statement of its reasons for believing that the record should not be disclosed—and to an order to disclose the record under ORS 192.450(2). Thus, in defendant's view, failure to comply either with ORS 192.470(2) or with an order to disclose under ORS 192.450(2) triggers the obligation to give notice of intention to institute judicial proceedings within seven days and to institute the proceedings within seven days thereafter. Defendant does

---

[8] Although the attorney relied upon the reports in giving legal advice in this instance, nothing in OEC 503(2) requires reliance as a criterion for application of the attorney-client privilege.

not argue that the district failed to timely meet that obligation after the district attorney ordered it to disclose the reports to defendant under ORS 192.450(2). Instead, he argues that he is entitled to costs and attorney fees because the district did not give notice and institute proceedings within the required time after the district attorney instructed it to deliver a copy of the reports to his office.

We disagree. The text and context of ORS 192.490(3) do not support defendant's interpretation of the term "order." *See PGE*, 317 Or at 610-11. ORS 192.490(3) refers to failure to comply with the "order"—singular—not "orders"—plural.[9] Thus, the statute contemplates an award of costs and attorney fees to a party who loses on the merits only upon a public body's failure to comply with one particular order (and its concomitant failure to timely institute proceedings for judicial relief). That order is the order to disclose the record to the petitioner under ORS 192.450(2)—not the initial notice under ORS 192.470(2). A comparison of the pertinent wording of ORS 192.490(3) with that of ORS 192.450(2) and ORS 192.470(2) illustrates that "order" refers to an order issued under ORS 192.450(2).

■ Again, ORS 192.490(3) provides that, regardless of which party prevails, the person seeking disclosure is entitled to costs and attorney fees

"[i]f the state agency failed to comply with the Attorney General's order in full and did not issue a notice of intention to institute proceedings pursuant to ORS 192.450(2) within seven days after issuance of the order, or did not institute the proceedings within seven days after issuance of the notice."

ORS 192.450(2) provides that, if the Attorney General orders disclosure of the record,

---

[9] We note that the last sentence of ORS 192.490(3) expressly refers only to the failure of a state agency to comply with an order of the Attorney General, and not to the failure of a public body to comply with the order of a district attorney. Because the district's actions in this case did not violate that statute so as to make costs and attorney fees available to defendant, we need not decide whether the statute applies to public bodies other than state agencies, or to the orders of district attorneys as opposed to the Attorney General.

> "the state agency shall comply with the order in full within seven days after issuance of the order, unless within the seven-day period it issues a notice of its intention to institute proceedings for injunctive or declaratory relief * * *. The state agency shall institute the proceedings within seven days after it issues its notice of intention to do so."

The similarities between the two statutes are obvious. Perhaps most telling are the identical references in both statutes to issuing a notice of intention to institute proceedings "within seven days after issuance of the order." We ordinarily presume that the same wording, when used in related statutes, has the same meaning. *Sweeney v. SMC Corp.*, 178 Or App 576, 587, 37 P3d 244 (2002). The reference in ORS 192.450(2) is plainly to the order to disclose the record to the petitioner. We therefore conclude that ORS 192.490(3) refers to the same order.

ORS 192.470(2), on the other hand, does not provide that the Attorney General or district attorney is to issue any "order" to the public body. It provides, in relevant part, that, upon receipt of a petition to review a public record,

> "the Attorney General or district attorney shall *notify* the public body involved. The public body shall thereafter transmit the public record disclosure of which is sought, or a copy, to the Attorney General, together with a statement of its reasons for believing that the public record should not be disclosed."

(Emphasis added.) Thus, under that statute, the Attorney General or the district attorney need only "notify" the public body that he or she has received a petition under ORS 192.450. It is the statute that requires the public body to transmit the record at issue, not an order from the Attorney General or the district attorney. Furthermore, the statute requires only that the public body "thereafter" transmit the sought record; in contrast to both ORS 192.450(2) and ORS 192.490(3), it does not specify action "within seven days."

We conclude that the phrase "failed to comply with the Attorney General's order in full" in ORS 192.490(3) refers unambiguously to an order, under ORS 192.450(2), to disclose the record to the petitioner. It follows that the district

was not required to give notice and to institute judicial proceedings after the district attorney instructed it to deliver a copy of the reports to his office. The trial court did not err in refusing to grant costs and attorney fees to defendant.

■ We turn next to defendant's argument that the trial court erred in awarding $489.50 in costs and disbursements to the district. Defendant argues that ORS 192.490(3) provides no basis by which a public body is entitled to costs and disbursements. That statute provides, in part:

> "If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof."

As discussed above, ORS 192.490(3) also provides that, under certain circumstances, attorney fees and costs and disbursements shall be allowed to the person seeking disclosure even if the public body prevails.

Defendant is correct in observing that ORS 192.490(3) does not specifically authorize costs and disbursements to a prevailing public body. However, ORCP 68 B provides that, in any action, "costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party * * *." Although ORS 192.490(3) provides that, if the public body prevails, under specified circumstances, costs and disbursements shall nonetheless be allowed to the other party, we have determined that those circumstances are not present in this case. The statute does not direct that costs shall not otherwise be allowed to a prevailing public body. Therefore, this is not "the particular case" in which ORS 192.490(3) directs that "costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party." ORCP 68 B. It follows that the trial court did not err in awarding the district costs and disbursements.

Affirmed.