Argued and submitted July 31, 2007, affirmed June 25, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMUNDO CASTREJON-RUIZ,
*Defendant-Appellant.*

Washington County Circuit Court
D041912T; A127132

188 P3d 400

David Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne,

Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on The brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals a judgment of conviction for giving false information to a police officer in violation of ORS 807.620, assigning error to the trial court's denial of his motion to suppress evidence obtained during a search of his person. Defendant contends on appeal that the search violated his rights under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution because he did not consent to the search and, even if he did consent, the consent was invalid because it was obtained during an unlawful prolongation of a stop. Defendant further argues that the search was unlawful because the officer lacked authority under ORS 810.410(3) to request defendant's consent to search. We review for legal error. In conducting that review, we are bound by the trial court's determination of historical facts if there is evidence in the record to support its findings. *State v. Davis*, 295 Or 227, 238, 666 P2d 802 (1983). We affirm.

The relevant facts are undisputed. Around 2:30 a.m. on April 30, 2004, defendant rode his bicycle through a parking lot in Tualatin without a light, thereby violating the traffic code. Officer Pomeroy saw defendant riding without a light and stopped him to give him a warning about the traffic violation. After telling defendant that he was required to have a light on his bicycle, Pomeroy asked defendant for identification. Defendant said that he did not have identification, but he gave Pomeroy a name and date of birth, neither of which was correct.

Pomeroy then asked defendant if he could pat him down for weapons and asked him to get off the bike so that he could do that. Pomeroy testified that defendant got off his bicycle and seemed "very compliant" and "very polite." During the search, Pomeroy felt what seemed to be a wallet in defendant's back pocket, and he asked to look inside the wallet. Defendant agreed. Pomeroy opened the wallet and found an Oregon identification card that listed defendant's actual name and date of birth, which differed from the information that defendant had given Pomeroy. Pomeroy confronted defendant about the discrepancies, and defendant fled on

foot. Defendant was later charged with giving false information to a police officer, ORS 807.620, and attempting to elude, ORS 811.540(1)(B).

Before trial, defendant moved to suppress the evidence obtained from Pomeroy's search, arguing that Pomeroy did not have a lawful basis to request consent to search him for weapons. The state countered that the officer had authority under ORS 810.410(3) to "make an inquiry" about weapons in order to ensure officer safety.[1] Furthermore, the state argued that the request was not unreasonable due to the circumstances—the officer was alone with defendant, near a bar, around 2:30 a.m. The trial court denied the suppression motion, concluding that Pomeroy did not exceed the scope of his authority in seizing defendant for a traffic violation and requesting consent to search defendant's person; the trial court also found that defendant had consented to the search. Furthermore, it went on to state, *sua sponte*, that the request for consent to search did not unlawfully prolong the traffic stop and, therefore, did not implicate defendant's right under Article I, section 9, of the Oregon Constitution to be free from unreasonable searches and seizures. After a trial to the court, defendant moved for a judgment of acquittal on both counts. The court granted defendant's motion as to the charge of attempting to elude, but denied it with respect to the charge of providing false information to a police officer, and convicted him of that charge.

On appeal, defendant challenges the court's denial of his suppression motion. He makes three arguments: (1) the trial court erred in finding that he consented to the search; (2) even if he did consent, his consent was invalid because it was the product of an unlawfully prolonged traffic stop that violated Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution; and (3) the officer exceeded the scope of his authority under

---

[1] ORS 810.410(3)(d) provides:

"A police officer:

"* * * * *

"(d) May make an inquiry to ensure the safety of the officer, the person stopped or other persons present, including an inquiry regarding the presence of weapons."

ORS 810.410(3) by requesting consent to search for weapons. The state responds that defendant's first two arguments were not preserved in the trial court and, hence, should not be considered on appeal. In any event, the state asserts that the arguments are without merit because defendant consented to the search, and the request for consent to search did not unlawfully prolong the stop. The state concedes that defendant's third argument is preserved but argues that the officer did not exceed the lawful scope of a traffic stop because he was authorized under ORS 810.410(3) to request consent to search for weapons to ensure his safety during the stop.

We first address the state's contention that defendant did not preserve his first two arguments for appeal. In general, we will not consider an issue on appeal that has not been preserved in the trial court. ORAP 5.45. To preserve a claim of error for appeal, the party asserting error must do something that would call the trial court's attention to the error. *State v. Mosley*, 206 Or App 172, 176, 136 P3d 73 (2006) (party may not complain, on appeal, that trial court failed to do something that party never asked it to do).

We agree with the state that defendant did not preserve his first two arguments on appeal.[2] We begin with the pertinent portions of the record. At the suppression hearing, defendant argued:

"The facts as I believe will come out is when he was stopped for not having a light on his bike, Officer Pomeroy asked him at that point what is your name, do you have any identification. [Defendant] said he did not have any identification. [Defendant] wrote a name down on a piece of paper and gave it to the officer.

"As the police reports lay out, the officer then asked to search him for weapons. There is nothing in the report that indicates there were any further gestures made or that Officer Pomeroy was concerned for his safety in any way. He simply asked for [defendant] to get off of his bike so he could search [him] for weapons.

---

[2] Defendant does not argue that we should exercise our discretion to review the alleged errors as plain error.

"[Defendant] had a piece of paper in his hand with a date of birth on it Judge. He was stopped for a violation. At that point, it's the defense contention he should have issued a ticket and at least checked the name that he was given before he did the search for weapons, of which there was no justification. Case law is pretty clear an officer cannot over step the boundaries of a violation stop, and that's what this was."

The state argued in response:

"Your Honor, I would like to draw your attention to * * * ORS 810.410. * * * Specifically, if you look at subsection 3, it states 'a police officer', and then it goes on to the subsection d, 'may make an inquiry to ensure the safety of the officer, the person stopped or other persons present, including an inquiry regarding the presence of weapons.'

"This, again, is the 1997 amendment. * * * [B]ecause [defendant] did commit a [traffic] violation, according to the officer, and because of such the officer was able to stop him and ask him questions about his identity, which again is allowed in that same section I applied but again on subsection B, subsection 3B. Out of that same subsection is when the officer is able to inquire about weapons.

"* * * * *

"But again, nothing in the statutes or case law has indicated that an officer is required to be concerned for [his or her] safety before [he or she] can ask for a patdown for weapons. Furthermore, reasonable suspicion is not required when asking for a patdown or when asking for identification or other documents to verify the identity. Since the 1997 amendment, that has been [the] case law and the state of the laws for [the] state of Oregon. Reasonable suspicion isn't required."

Defendant argued in rebuttal:

"Judge, [the 1997 amendments to ORS 810.410] are noted, but there still [have] to be some articulable facts to support asking to search a person for weapons. In this case the facts are clear. [Defendant] was stopped for not having a light on his bicycle, but the officer's own testimony says he was polite, compliant and cited no concerns for weapons. He gave him a name, a date of birth. [The officer] had that

information and as he said, it's simply a matter of plugging in the info and writing out a citation. It's a short encounter.

"This should have been a short encounter. He should have [gotten] the information and then determined enough to write the actual citation, but it's impermissible to ask to search for weapons when there are no facts that lead a person to believe, the officer to believe that he had weapons. I think the search of the ID and subsequent seizure of the ID should be suppressed based on those facts given today."

As the recitation of the parties' arguments indicates, the parties framed the issue as one involving the interpretation and application of ORS 810.410. Defendant contended that ORS 810.410 authorized an officer to ask for consent to search a person for weapons only if the officer had a reasonable suspicion that the person had a weapon. The state argued that the statute authorized an officer to make such a request without any basis to believe that the person had a weapon or posed a threat to the officer.

The trial court's ruling confirms that the court so understood the parties' arguments. Relying on the Supreme Court's decision in *State v. Amaya*, 336 Or 616, 621-24, 89 P3d 1163 (2004), the court concluded that the state's understanding of ORS 810.410 was the correct understanding of the statute, and, on that basis, it denied defendant's suppression motion. The court went on, however, to consider and reject an alternative argument, to wit, that Pomeroy had violated Article I, section 9, by asking defendant for consent to search for weapons when Pomeroy did not have a reasonable suspicion that defendant posed a threat to Pomeroy's safety. The court concluded that, even if defendant *had* made that argument, it failed because, under then-existing case law, the inquiry did not violate Article I, section 9, because it occurred during a lawful stop and did not unlawfully extend the stop. Significantly, defendant did not respond to the court's assertion that his motion had raised only the first of the two issues that the court addressed in its ruling, nor did defendant challenge the court's understanding of Article I, section 9.

We turn to defendant's first argument—that he did not consent to the search for weapons. Defendant did not

make that argument to the trial court. Rather, the record demonstrates that defendant's sole argument was that Pomeroy did not have a lawful basis to ask defendant for consent to search for weapons. Because defendant did not preserve his argument that the officer conducted the search without defendant's consent, we do not consider the argument.

■      Defendant's second argument—that the stop was unlawfully prolonged in violation of the state and federal constitutions—suffers from the same defect. Defendant did not make that argument below and, hence, did not preserve it for appeal. Defendant appears to believe, however, that the trial court's *sua sponte* ruling that Pomeroy did not violate Article I, section 9, by requesting consent to search served to preserve that issue for appeal. It did not. We have held that a defendant's claim of error challenging a trial court's *sua sponte* comment does not serve to preserve an issue for appeal when the court's ruling *on the issues raised by the pleadings and arguments* did not rest on the comment. *Klamath County School Dist. v. Teamey*, 207 Or App 250, 258-59, 140 P3d 1152, *rev den*, 342 Or 48 (2006).

We have a similar situation here. Although the trial court concluded that Pomeroy had not violated Article I, section 9, by asking for consent to search for weapons, the court's ruling on the issues raised in the motion did not rely on that statement. Furthermore, had defendant raised his constitutional arguments at the suppression hearing, the state might have sought to create a different record to address them. *See State v. Caldwell*, 187 Or App 720, 726-27, 69 P3d 830 (2003) (declining to exercise discretion to review unpreserved error because "[o]ne of the 'strong policies' served by the preservation doctrine is that, by raising an argument in the trial court, a party gives his or her adversary the opportunity to respond to that argument when such an opportunity still has meaning"). Defendant did not preserve his second argument—that Pomeroy violated Article I, section 9, and the Fourth Amendment by requesting consent to search for weapons—and we do not consider it.

■      We turn to defendant's final argument, that the trial court erred in denying the motion to suppress because

Pomeroy exceeded the scope of his authority under ORS 810.410(3) by requesting consent to search defendant during a traffic stop when Pomeroy had no basis to believe that defendant posed a threat to Pomeroy's safety. The state responds that Pomeroy's request was authorized by the statute because, under ORS 810.410(3)(d), an officer may "make an inquiry" to ensure the safety of the officer and Pomeroy was merely making an inquiry to ensure his safety by requesting consent to search for weapons. Therefore, the state reasons, the court properly denied defendant's suppression motion. The state also argues that, even if Pomeroy lacked statutory authority to request consent to search defendant for weapons, the court nevertheless properly denied the motion because ORS 136.432 required the court to deny the motion under the circumstances of this case.

Assuming without deciding that Pomeroy exceeded the scope of his authority under ORS 810.410, we agree that ORS 136.432 required the court to deny the suppression motion. ORS 136.432 provides:

> "A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:
>
> "(1)  The United States Constitution or the Oregon Constitution;
>
> "(2)  The rules of evidence governing privileges and the admission of hearsay; or
>
> "(3)  The rights of the press."

We have held that ORS 136.432 prohibits the suppression of evidence obtained through an unlawful extension of a traffic stop, unless suppression is required by the state or federal constitutions. *State v. Arabzadeh*, 162 Or App 423, 427, 986 P2d 736 (1999). Furthermore, we held in *State v. Thompson-Seed*, 162 Or App 483, 489, 986 P2d 732 (1999), that a court may not exclude otherwise relevant evidence that was obtained in violation of a statute unless the legislature has created an express exclusionary remedy for the statutory violation.

Given the unpreserved nature of defendant's constitutional arguments, there is no basis for us to conclude on appeal that the state or federal constitution required the court to suppress the evidence. Furthermore, the legislature has not created an express exclusionary remedy for a violation of ORS 810.410. *See Arabzadeh*, 162 Or App at 428. Therefore, because ORS 136.432 required the admission of the disputed evidence without regard to whether Pomeroy violated ORS 810.410, the trial court did not err in denying defendant's suppression motion.

Affirmed.