HADLOCK, J.
*539 Petitioner seeks judicial review of a final order of the Public Employees Retirement Board (PERB), which dismissed his request for a contested case hearing. That dismissal was premised on PERB's conclusion that it lacked jurisdiction over the issues raised in petitioner's request for a hearing and that petitioner had to pursue relief in circuit court. We cannot discern the rationale underlying PERB's conclusion and, therefore, reverse and remand.
A summary of the most pertinent statutes and regulations provides context for the discussion that follows. PERB is the governing *444 authority of the Public Employees Retirement System (PERS) and establishes the rules for administering the system. ORS 238.650. PERB employs a director, who administers the system in accordance with those rules and appoints agency staff. ORS 238.630 ; ORS 238.645. The director has authority "to take all action necessary or desirable to administer the system," including but not limited to acting on applications for "correction of records, retirement for disability or service, and death benefits and allowances." OAR 459-001-0025(1)(b).[1] The director may delegate that authority, subject to the director's review. That is, the director may "delegate to subordinates the authority to take any action on the Director's behalf," OAR 459-001-0025(3), but a person "may file with the Director a request for review of a staff action or determination, except as provided for in ORS 238.450" within 60 days of the date on which the staff action was sent to the person requesting review by the director. OAR 459-001-0030(2). The director also is authorized to "[i]nitially review, grant or deny petitions for reconsideration" and "may refer any matter to [PERB] or to an administrative law judge for a contested case or other hearing." OAR 459-001-0025(1)(f), (2). If a person is dissatisfied with the director's ultimate determination, the person may seek a contested case hearing. OAR 459-001-0030(9)(b). *540 In at least some respects, the process differs when an individual who is a member of PERS sets out to challenge certain PERS computations of retirement benefits. ORS 238.450(1) requires PERS to provide a member who seeks retirement benefits "a written computation of the retirement allowance or benefit to which the member is entitled upon retirement and summary of the information used in making that computation." As here, that computation may be communicated to the member in a document titled "Notice of Entitlement." A member may challenge the accuracy of information used by PERS in that computation "only by filing a written notice of dispute with [PERS]" within 240 days. ORS 238.450(2). When PERS receives such a notice of dispute, it must "make a written decision either affirming the accuracy of the information and computation based thereon or changing the computation using corrected information." ORS 238.450(4). PERS must provide the member with "a copy of the decision and a written explanation of any applicable statutes and rules." Id . The member "is entitled to judicial review of the decision as provided in ORS 183.484 and rules of the board consistent with applicable statutes."[2] Id. However, ORS 238.450(5) provides that the statute "does not affect any authority of the system, on its own initiative, to correct an incorrect computation of any retirement allowance or benefit."
With that background, we turn to the facts which, for purposes of this appeal, are procedural and undisputed. Petitioner is a member of PERS who initially retired in 2007, returned to active service two years later, and retired again in 2011. In May 2011, PERS sent petitioner a "Notice of Entitlement" regarding his retirement benefit and the balance in his retirement account. That notice accurately informed petitioner that he had the right to contest the information that was used to calculate his benefit amount and had 240 days in which to do so. Petitioner timely disputed his account balance, asked some questions about his account, and "requested a meeting with PERS to sit down and go through the process to satisfy [his] concerns."
*541 Eight months later, in May 2012, PERS sent petitioner a letter apologizing for the delay in responding to his dispute of the Notice of Entitlement. The May 2012 letter stated that PERS had performed a review under ORS 238.450, explained some aspects of PERS's calculation of petitioner's account balance (which was affected by his having retired twice), and stated that PERS was enclosing "a copy of [petitioner's] benefit calculation, the declining account balance worksheet and the Business Rule used to calculate *445 your benefit." The letter itself did not expressly set out petitioner's benefit or account balance.
The May 2012 letter closed with the following information under the heading "APPEAL RIGHTS":
"Pursuant to [OAR] 459-001-0030, if you disagree with staff's determination you may request a review by writing to the PERS Director within 60 days after the date of this letter. Your request must include the following information [including "a description of the determination you want reviewed" and a "request for review"].
"* * * * *
"When the Director receives your request, he may ask a Division Administrator to act on it. Your request for a review may be denied if it does not contain the required information. You will be mailed a response letter within 45 days after we receive your request."
Petitioner requested a meeting with PERS shortly after receiving that letter.
PERS granted petitioner's request and scheduled a meeting in June 2012 for petitioner, PERS employee Hayes, and PERS employee Cunningham, who was Hayes's supervisor. Cunningham did not appear for the meeting. Hayes informed petitioner that there would be a follow-up meeting or conversation. However, no subsequent meeting took place and PERS did not follow up with petitioner after the June 2012 meeting.
In February 2015, petitioner sent PERS a letter challenging the agency's calculation of his retirement benefit and referencing the May 2012 letter. PERS responded by asserting that petitioner's request for further administrative *542 review of the May 2012 letter was untimely. It explained that, under OAR 459-001-0030, "appeals must be filed within 60 days following the date of the staff action or determination." PERS took the position that petitioner's 2012 request for a meeting with PERS regarding the May 2012 letter did not meet the requirements for a "request for review of a staff action or determination" under OAR 459-001-0030(2). Thus, PERS stated, "[petitioner's] appeal cannot be considered" because he had not filed a proper challenge within 60 days of the May 2012 letter. PERS informed petitioner that if he disagreed with the agency's determination that his request for further review was untimely, he could seek a contested case hearing "on the timeliness of his appeal."
Thus, through this point in the process, PERS consistently informed petitioner that he could have pursued further administrative review by properly challenging the May 2012 letter within 60 days under OAR 459-001-0030 ; it contended that he had not done so because his request to meet with PERS did not satisfy the requirements of that rule. Petitioner timely requested a contested case hearing and the case was assigned to an administrative law judge (ALJ) from the Office of Administrative Hearings (OAH). In his request for a contested case hearing, petitioner sought to challenge PERS's determination that petitioner's challenge to the May 2012 letter was untimely.[3] Petitioner argued, among other things, that he had reasonably believed that his dispute with PERS was still "open" given representations he claimed Hayes had made at the June 2012 meeting, promising to follow up on petitioner's concerns.
In the contested case proceeding, PERS moved for summary determination on the question of whether petitioner had timely challenged the May 2012 letter. It asserted that petitioner's actions in 2012 following his receipt of that letter did not constitute a request for director review of staff action under OAR 459-001-0030. Moreover, PERS argued, petitioner "could not reasonably rely on an assumption that his meeting with Ms. Hayes was a meeting that *543 would result in a written determination from the Director, because he never properly requested such a determination in the first place." Petitioner made several arguments in response, including that the May 12 letter did not include all of the information required to trigger the 60-day *446 deadline for seeking director review. In addition, petitioner argued that the 60-day deadline should not be applied strictly in his case because he had reasonably interpreted Hayes's statements at the June 2012 meeting as indicating that PERS was reconsidering his retirement-benefit calculations and would be getting back to him with a further explanation.
In its reply memorandum on the summary-determination motion, PERS argued for the first time that petitioner never had been entitled to further administrative review of the May 2012 letter. PERS acknowledged that the letter had told petitioner that he could seek director review within 60 days. Nonetheless, PERS asserted that, under ORS 238.450(4), "a member seeking review of the computation of his retirement benefits must file a petition with the circuit court, rather than with PERS or OAH." According to PERS, ORS 238.450(4)"does not permit further review of such a decision by PERS, or by [OAH]" and, under that statute and the agency's own rules, PERS and OAH lacked authority to grant any hearing regarding the computation of benefits. Petitioner and PERS then filed further briefing on that question, with petitioner arguing that the May 2012 letter was not a "fully formed agency action" that constituted a "written decision" for purposes of ORS 238.450(4) or a "final order" for purposes of ORS 183.484, and PERS taking the contrary position. The ALJ granted PERS's motion for summary determination, petitioner filed exceptions, and PERB issued the final order that petitioner challenges here.
In its final order, PERB acknowledged that the May 2012 letter had stated that petitioner could seek further administrative review. PERB asserted that "that information was erroneous" and that PERS's decision about petitioner's benefit calculation was "entitled to judicial, not administrative, review as provided in ORS 183.484." Accordingly, PERB stated, "an ALJ does not have jurisdiction to decide whether [petitioner] is entitled to review of" that letter or "to decide whether [the letter] was a 'written *544 decision' for purposes of ORS 183.484." PERB concluded that PERS was "entitled to a favorable ruling as a matter of law that [petitioner] must seek judicial review of the computation of his retirement benefits." PERB therefore affirmed the ALJ's ruling granting summary determination to PERS and dismissing the request for a hearing; PERB did not separately address petitioner's contention that he had timely sought administrative review of the May 2012 letter under OAR 459-001-0030.
Petitioner timely petitioned for judicial review to this court. He does not challenge the agency's factual findings. Accordingly, we review the order for legal error. ORS 183.482(8)(a). We also review for "substantial reason" because "the order must articulate a rational connection between the facts of the case and the legal conclusion." Endres v. DMV , 255 Or. App. 226, 229, 297 P.3d 505 (2013) ; see also Rogue Advocates v. Jackson County , 282 Or. App. 381, 389, 385 P.3d 1262 (2016) (to satisfy the substantial-reason requirement, "an agency order must supply an explanation connecting the facts of the case and the result reached").
Petitioner argues on judicial review that PERB erred in ruling that it lacked jurisdiction to determine whether the May 2012 letter constituted a "written decision" under ORS 238.450(4) or a final order subject to judicial review under ORS 183.484. Moreover, petitioner asserts, PERB also erred in ruling "that it lacked jurisdiction to consider petitioner's administrative appeal."[4] Petitioner contends that PERB could reach those conclusions only "by determining that jurisdiction was properly with the circuit courts, which requires a final agency order." Thus, petitioner conceives of two possible characterizations of the May 2012 letter: (1) that it was a final order subject to judicial review, or (2) that it was not a final order and was, therefore, susceptible to further administrative review.
Petitioner concludes by arguing that the May 2012 letter was not a "final order" as *447 that term is defined in ORS 183.310(6)(b) because, among other things, it "included *545 language that preceded final agency action" by stating that petitioner had appeal rights under OAR 459-001-0030 and by referring to possible action by a division administrator.[5] Petitioner also asserts that the letter did not constitute a "written decision" under ORS 238.450 because, among other things, it did not state whether PERS was affirming or changing its previous computation and did not explain applicable statutes and rules.
In response, PERB asserts that it correctly dismissed petitioner's request for a contested case hearing on the timeliness of his administrative challenge to the May 2012 order because a PERS decision "affirming the accuracy of the information" in a "Notice of Entitlement" or "changing the [benefit] computation using corrected information" is subject to judicial review under ORS 238.450(4). PERB relies both on that statute and on OAR 459-001-0030(2), which provides that a person may "request [the director's] review of a staff action or determination, except as provided for in ORS 238.450 ," by filing a request within 60 days. (Emphasis added.) Thus, PERB contends, the OAR 459-001-0030 process for requesting director review of staff actions does not apply to decisions made under ORS 238.450.
Significantly, PERB does not argue that the May 2012 letter qualifies as a "written decision" under ORS 238.450 that is subject to judicial review under ORS 183.484 because it is a final order. Rather, PERB asserts that neither it nor the ALJ decided that question. PERB also asserts that, even if petitioner is correct that the May 2012 letter was not a final order, his argument would be "unavailing, because a non-final order would not be reviewable at all."
*546 Thus, PERB-like petitioner-appears to conceive of two possible characterizations of the May 2012 letter. First, like petitioner, PERB acknowledges that the letter could be a final order that was subject to judicial review under ORS 238.450(4) and ORS 183.484 (although it asserts that it has not determined whether, in fact, the letter constituted a final order). Second, again like petitioner, PERB conceives of the possibility that the letter was not a final order subject to judicial review. However, unlike petitioner-who contends that the letter was subject to further administrative review if it was not subject to judicial review-PERB asserts that, if it was not a final order, the letter was simply unreviewable. That is, PERB appears to take the position that, even if the May 2012 letter was not a final order subject to judicial review under ORS 183.484, PERB lacked authority to take any additional action regarding petitioner's benefit calculation after it issued that letter (unless, perhaps, after a circuit court determined on an ORS 183.484 petition for judicial review that, in fact, the letter was not a final order susceptible to judicial review). As petitioner aptly asserts in his reply brief: "[PERB] appears to argue that *** jurisdiction is exclusive to the circuit courts in a dispute over computation of benefits whether PERS issued a final order or not[.]"[6]
*448 We, like petitioner, view the final order as necessarily being based on one of two premises. First, it is possible that PERB implicitly determined that the May 2012 letter was a final order and, therefore, subject only to judicial review under ORS 183.484. However, PERB has expressly disclaimed having made such a determination.
Accordingly, we turn to the second possible basis for the PERB order, which is that PERB concluded that it lacked authority to take further administrative action in response *547 to petitioner's challenge to the May 2012 letter, even if that letter did not itself constitute a final order. We are unable to glean from PERB's final order in the contested case proceeding, however, the rationale that would lead PERB to such a conclusion. Although ORS 238.450(4) states that a member is entitled to judicial review under ORS 183.484 of a written decision made by PERS on a disputed benefits computation under ORS 238.450, that provision can confer jurisdiction on a circuit court only if the decision constitutes a "final order" as that term is defined in ORS 183.310(6)(b). See ORS 183.480(3) ("No action or suit shall be maintained as to the validity of any agency order except a final order *** except [in circumstances not pertinent here]."). Thus, ORS 238.450(4) does not, itself, purport to deprive PERS of authority to take further action if it issues a determination about benefits that does not constitute final agency action either because the determination precedes final action or because the determination "[d]oes not preclude further agency consideration" of the matter. ORS 183.310(6)(b). In short, we cannot discern from the final order-which cites only ORS 238.450 as the basis for dismissal-why PERB concluded that the only path available to petitioner was to "seek judicial review of the computation of his retirement benefits" and that petitioner's request for a contested case hearing regarding the timeliness of his administrative challenge to the May 2012 letter had to be dismissed, even if that letter did not constitute a final order.
Our inability to discern PERB's rationale and the basis for its dismissal order leads us to conclude that we must reverse and remand PERB's final order for a lack of substantial reason. Our conclusion is not changed by the fact that PERB, on judicial review, also relies on OAR 459-001-0030 to support its determination that it lacked jurisdiction even to consider whether petitioner's request for further administrative review of the May 2012 letter was timely. That rule provides, in pertinent part:
"(2) Request for review. Any person may file with the Director a request for review of a staff action or determination, except as provided for in ORS 238.450 ***. The request must be filed within 60 days following the date the *548 staff action or determination is sent to the person requesting review."
OAR 459-001-0030 (emphasis added). PERB cites that rule for the proposition that it-the rule-"does not apply to decisions under ORS 238.450(4)."
PERB's belated reliance on OAR 459-001-0030 is misplaced for at least three reasons. First, the rule does not appear to have played any part in PERB's decision. The agency cannot cure a substantial-reason problem by belatedly citing authority on judicial review that might provide support for the agency's determination, had the agency relied on it. Svidenko v. DMV , 246 Or. App. 673, 679, 267 P.3d 200 (2011) ("[T]he department's attempt to supply an explanation [for its order] on judicial review is unavailing; '[o]ur duty is to evaluate the board's logic, not to supply it[.]' ") (Quoting Castro v. Board of Parole , 232 Or. App. 75, 85-86, 220 P.3d 772 (2009) ). Second, and relatedly, even if PERB's argument to this court embodied an interpretation of the administrative rule, we would not defer to that interpretation, as it is not one that the agency applied in the course of the administrative proceeding. See Middleton v. Dept. of Human Services , 219 Or. App. 458, 466, 183 P.3d 1041, rev. den. , 345 Or. 94, 189 P.3d 749 (2008) (rejecting Department of Human Service's (DHS's) argument "that we should defer to an interpretation of [a DHS] rule that DHS advanced in the first instance before this court " (emphasis in original) ). Third, although we ordinarily defer to an agency's interpretation of its own rules when that interpretation is plausible, *449 the bare assertions about the rule that PERB makes on judicial review do not constitute an interpretation of OAR 459-001-0030 that could prompt that sort of deference. See generally Coffey v. Board of Geologist Examiners , 348 Or. 494, 509, 235 P.3d 678 (2010) (stating deference principle).[7] *549 In sum, we cannot tell from PERB's order why it concluded that it lacked jurisdiction to determine whether petitioner's request for further administrative review of the May 2012 letter was timely, even assuming that letter did not constitute a "written decision" under ORS 238.450(4) or a "final order" under ORS 183.484. Accordingly, we reverse and remand so that PERB may reconsider its order of dismissal and, if appropriate, provide an interpretation of its administrative rules that explains whatever conclusion PERB reaches on remand regarding whether it has authority to consider, in the contested case proceeding, whether petitioner timely sought administrative review of the May 2012 letter.
Reversed and remanded.

All references to administrative rules in this opinion are to the rules that were in effect in May 2012, at the time PERS issued the letter that is the focus of this case.

ORS 183.484, in turn, gives circuit courts jurisdiction to review orders in other than contested cases; that authority generally extends only to judicial review of final orders. ORS 183.480(3).

Petitioner also sought to challenge the benefits calculation itself. PERS granted petitioner's request for a contested case hearing only on the timeliness issue. Petitioner has not challenged that limitation on the scope of the hearing.

That contention leads us to reject, without further discussion, PERB's assertion that petitioner has not argued to this court that PERB erred in dismissing his request for hearing on the timeliness issue.

The term "final order" is statutorily defined as "final agency action expressed in writing." ORS 183.310(6)(b).
" 'Final order' does not include any tentative or preliminary agency declaration or statement that:
"(A) Precedes final agency action; or
"(B) Does not preclude further agency consideration of the subject matter of the statement or declaration."
Id. We observe that we have, at least in one circumstance, held that an agency's letter did not constitute a "final order" when it did not, "by its terms, preclude further agency consideration of the matter" and when the agency took further action on the matter after issuing the letter. Inbound v. Dept. of Forestry , 241 Or. App. 619, 629, 252 P.3d 336, rev. den. , 350 Or. 716, 260 P.3d 493 (2011).

It may be that we misunderstand PERB's argument on appeal and that PERB simply is not addressing what administrative processes may or may not remain available if its response to an ORS 238.450 dispute (here, the May 2012 letter) does not constitute a final order. To the extent that PERB is not addressing that point, it can only be because it does not view petitioner as having put that question at issue. As noted above, we disagree. In both the contested case hearing and in this court, petitioner has contended that further agency process is necessary because the May 2012 letter was neither a "written decision" under ORS 238.450(4) nor a final order for purposes of ORS 183.484.

We observe that, at least on its face, OAR 459-001-0030 does not appear to divest PERS of authority to undertake further administrative review of a benefits determination it has made under ORS 238.450(4) when that determination does not constitute a final order. PERB's assertion that the rule "does not apply to decisions under ORS 238.450(4)" does not amount to an interpretation that we could apply in resolving this case. That statement does not explain, for example, how the rule might be implicated if a benefits determination that PERS made under ORS 238.450(4) does not constitute a "written decision" or a "final order"; nor does it explain how the rule operates in context with the agency's other administrative rules-including those providing that the director may rule on petitions for reconsideration and may refer "any matter" for a hearing-if PERS's ORS 238.450(4) determination is not final. Cf. SAIF v. Miguez , 249 Or. App. 388, 395, 277 P.3d 601 (2012) (an agency order that simply applied the rule to the facts did not, in the context of that case, "include any rule interpretation" that we could "assess for plausibility").