64 November 8, 2023 No. 579

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RUSSEL WRIGHT,
*Plaintiff-Respondent,*

*v.*

PUBLIC EMPLOYEES RETIREMENT SYSTEM,
State of Oregon,
*Defendant-Appellant.*

Marion County Circuit Court
20CV39426; A177832

J. Channing Bennett, Judge.

Argued and submitted July 27, 2023.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

William J. Macke argued the cause and filed the briefs for respondent.

Before Joyce, Presiding Judge, and Jacquot, Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Reversed and remanded.

**JOYCE, P. J.**

The Public Employees Retirement System (PERS) appeals from a supplemental judgment awarding attorney fees to petitioner. Petitioner sought judicial review of a final order with respect to his retirement benefit, claiming that PERS incorrectly calculated his benefit and failed to comply with a statute requiring it to provide an explanation of applicable statutes and rules. The circuit court held that, although PERS correctly calculated petitioner's benefit, it did not sufficiently explain its calculations.

In a supplemental judgment, the circuit court granted petitioner's request for attorney fees and costs in the amount of $28,344. The award included fees for work performed in a previous administrative contested case proceeding and an appeal of the outcome of that proceeding that was decided by this court. PERS assigns error to the circuit court's fee award, raising two arguments: (1) the circuit court did not have authority to award fees for work performed prior to the preparation of the petition for review and that, in any event, (2) the circuit court abused its discretion in awarding fees. We agree with PERS that fees were not authorized for work performed prior to preparation of the November 2020 petition for review, to the extent that that prior work did not contribute to petitioner's ultimate success on judicial review. However, we conclude that the circuit court did not abuse its discretion in awarding fees for work that did contribute to petitioner's ultimate success. Accordingly, we reverse and remand for reconsideration.

## FACTUAL BACKGROUND

Petitioner is a member of PERS who retired in 2011. *Wright v. PERB*, 292 Or App 538, 540, 425 P3d 442 (2018). In May 2011, PERS, as required by ORS 238.450, sent petitioner a "Notice of Entitlement" regarding his retirement benefit and explaining his right to challenge the calculations. *Id.* Petitioner timely disputed his account balance. *Id.* Eight months later, in May 2012, PERS responded with a letter stating that it had performed a review under ORS 238.450. *Id.* at 541.

After receiving the letter, petitioner requested a meeting with PERS, and in June 2012 he met with a PERS employee who informed him that there would be a follow-up meeting or conversation. *Id.* PERS never followed up with petitioner, and in February 2015 petitioner sent PERS a letter disputing the agency's calculation of his benefit, referencing the May 2012 letter. *Id.* PERS responded that petitioner's request for review was untimely and told him that he could request a contested case hearing regarding the timeliness of his appeal. *Id.* at 541-42. Petitioner did so. *Id.* at 542. The Public Employees Retirement Board (PERB) issued a final order dismissing petitioner's request for a hearing, concluding it did not have jurisdiction over the matter. *Id.* at 544.

Petitioner sought judicial review of PERB's order,[1] and in June 2018 we reversed and remanded, concluding that PERB's order lacked substantial reason. *Id.* at 547. Petitioner did not request attorney fees in that judicial review proceeding.

On remand PERS did not address the jurisdiction question. Instead, it issued a Revised Response to Dispute of Notice of Entitlement to petitioner in September 2020. Petitioner petitioned the circuit court for judicial review in November 2020, claiming that PERS incorrectly calculated his retirement benefit; failed to provide a written computation of how it arrived at the balance, as required by ORS 238.450(1);[2] and failed to provide an explanation of applicable statutes and rules, as required by 238.450(4).[3] Petitioner sought a correct computation, an award of past benefits, and reasonable costs and attorney fees.

In May 2021, PERS withdrew the September 2020 order for reconsideration and issued a revised response

---

[1] Petitioner sought review under ORS 183.482, which confers jurisdiction for judicial review of contested cases upon the Court of Appeals.

[2] ORS 238.450(1) requires PERS to provide a "written computation of the retirement allowance or benefit to which the member is entitled upon retirement and summary of the information used in making that computation."

[3] ORS 238.450(4) provides that, "[u]pon receiving a notice of dispute under subsection (2) of this section, the system shall determine the accuracy of the disputed information and make a written decision either affirming the accuracy of the information and computation based thereon or changing the computation using corrected information. The system shall provide to the member a copy of the decision and a written explanation of any applicable statutes and rules."

in June 2021. Petitioner amended his petition for judicial review to reference the revised response, and the matter went before the circuit court in September 2021.

The circuit court determined that PERS had calculated petitioner's benefit correctly. The sole issue then became whether PERS had provided a sufficient explanation of the calculation as required by ORS 238.450(4).

PERS argued that it provided a sufficient explanation of the applicable statutes and rules bearing on the calculation of petitioner's benefits, and that ORS 238.450(4) requires it to refer only to the applicable statutes and administrative rules, not to business rules that constitute internal policies. The circuit court acknowledged that it is not reasonable "to expect that PERS, in every single case, is going to write 16-page letters. That's not possible, practicable ***." The circuit court held, however, that PERS's final order did not comply with ORS 238.450(4) because it should have included citations to additional business rules and an additional statute, and further explanation.

Petitioner requested attorney fees in the amount of $27,585 under both the mandatory fee provision and the discretionary fee provision of ORS 183.497(1). That statute provides that, in certain judicial review proceedings, the scope of which we discuss below, the court "(a) [m]ay, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner," and "(b) [s]hall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law" unless "the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust." ORS 183.497(1).

Petitioner's request for fees dated back to 2015—when petitioner sent a letter to PERS disputing the May 2012 letter—and covered work performed in relation to the PERB contested-case proceeding, the appeal of PERB's order, and the circuit court review of both the September 2020 order and the revised response issued in

June 2021. In support of his request for a discretionary fee award, petitioner referenced ORS 20.075, the statute that outlines factors to be considered by a court when the court has discretion to award attorney fees. Petitioner specifically cited ORS 20.075(1)(a), (b), (d), and (e), which provide that, in deciding whether to award fees, a court shall consider:

> "(a)   The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> "(b)   The objective reasonableness of the claims and defenses asserted by the parties.
>
> "* * * * *
>
> "(d)   The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> "(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings."

In applying those factors, petitioner referenced the "many opportunities [PERS had] to comply with the operative statute," that "[PERS] waited until the eve of trial the first time around before withdrawing the final order and issuing a new order," and that "[t]he new final order was still deficient in its explanation * * *." Petitioner also argued that PERS's position that ORS 238.450(4) does not require inclusion of "the rules and explanation of the applicability of those rules" was unreasonable.

PERS opposed petitioner's request for attorney fees, arguing that fees incurred before the drafting and filing of the petition for judicial review at issue were not recoverable, that there was no basis for a mandatory fee award, and that any discretionary fees should be limited.

The circuit court awarded attorney fees to petitioner for the full amount requested under ORS 183.497(1)(a), the discretionary fee provision of the statute. The circuit court did not specifically address the ORS 20.075 factors but pointed to the fact that petitioner "had to litigate for more than five years to receive [a] simple answer * * *." The

circuit court agreed with PERS that there was no basis for a mandatory fee award but held that a discretionary award was warranted and "will serve to encourage PERS members to seek full and appropriate explanations regarding their accounts."

PERS appeals, assigning error to the award of attorney fees.

## AWARD FOR FEES PERFORMED FOR PRIOR WORK

PERS first argues that the circuit court erred in awarding fees for work performed prior to November 2020, which was the date when the petition for judicial review was prepared.[4] According to PERS, ORS 183.497, by its plain terms, authorizes a court to award attorney fees only for the judicial proceeding before the court, not for prior or ancillary proceedings. Petitioner responds that PERS's interpretation of ORS 183.497 is incorrect, that fees are recoverable if they were reasonably incurred to achieve the success that a party ultimately achieves, and that all of the fees that petitioner incurred from the time of the 2015 letter were reasonably incurred to achieve the success that petitioner ultimately achieved. We review for legal error, *Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012), and agree with PERS that the court erred in awarding fees for prior work to the extent that prior work did not contribute to petitioner's ultimate success on judicial review.

Whether petitioner is entitled to fees under ORS 183.497 presents a question of statutory construction, which we resolve by considering the statute's text, context, and any relevant legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). ORS 183.497 provides that:

"(1)   In *a judicial proceeding* designated under subsection (2) of this section the court:

"(a)   May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

---

[4] PERS does not dispute that the judicial review proceeding encompassed both the review of the September 2020 order that it withdrew before trial and the review of the revised response that it issued in June 2021.

"(b)   Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that *its action* was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust.

"(2)   The provisions of subsection (1) of this section apply to *an administrative*[5] *or judicial proceeding* brought by a petitioner against a state agency, as defined in ORS 291.002, for:

        "(a)   Judicial review of a final order as provided in ORS 183.480 to 183.484[.]"

(Emphasis added.)

The statute's text suggests that the legislature intended it to apply to one particular proceeding brought before one particular court. The statute refers to "a judicial proceeding" and to the state agency proving that "its action" was substantially justified. ORS 183.497(1). The singular forms of these terms are not conclusive evidence of the legislature's intent, but they support PERS's interpretation of the statute. *See Klamath County School Dist. v. Teamey*, 207 Or App 250, 263, 140 P3d 1152, *rev den*, 342 Or 46 (2006) (use of singular noun "order" indicates reference to "one particular order").

The statute's context also indicates that ORS 183.497 authorizes a court to award attorney fees only for the judicial proceeding before it. *See State v. Meek*, 266 Or App 550, 556, 338 P3d 767 (2014) ("Text, however, cannot be viewed in isolation, but must, instead, be considered in the totality of the statutory framework."). ORS 183.497 is part of the Administrative Procedures Act (APA), which governs procedures involving agencies, including procedures

---

[5] Although the statute refers to an administrative proceeding, every provision in subsection (2) refers to judicial review or a judicial determination. *See* ORS 183.497(2) (listing judicial review of a final order; judicial review of a declaratory ruling; and judicial determination of the validity of a rule). The only reasonable interpretation, therefore, is that a proceeding can start at the administrative level, but fees are authorized only for judicial proceedings.

for contested-case hearings and the process for seeking judicial review when an agency fails to comply with provisions of the APA.

ORS 183.497 is the only statute in the APA that authorizes attorney fees. The only other statutes in the APA that mention attorney fees are ORS 183.482 and 183.484—which authorize jurisdiction for review of contested cases in the Court of Appeals and other than contested cases in the circuit court, respectively—and those statutes both disclaim the possibility of a fee award. Each statute has a provision that allows an agency to withdraw its order for reconsideration subsequent to the filing of a petition for review and prior to the date set for hearing. ORS 183.482(6); ORS 183.484(4). The provisions go on to state that "[i]f an agency withdraws an order for purposes of reconsideration and modifies or reverses the order in favor of the petitioner, the court shall allow the petitioner costs, *but not attorney fees*, to be paid from funds available to the agency." *Id.* (emphasis added).

That express limitation on attorney fees suggests that the legislature did not intend for attorney fees to be broadly awarded whenever a party receives a favorable outcome against an agency. That interpretation is further supported by the fact that the legislature did not include any provision authorizing attorney fees for proceedings before an agency. ORS 183.417; ORS 183.310(2)(a). In the context of this larger statutory framework, where attorney fees are not broadly authorized, ORS 183.497 cannot reasonably be read to broadly authorize attorney fees for anything other than the judicial proceeding before the court.

Accordingly, based on the plain meaning of ORS 183.497's text and the context of the statute in the APA, a court has authority to award attorney fees only for the judicial proceeding before it. *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 338 Or 433, 443, 111 P3d 739 (2005) (holding that the fact that ORS 183.497 deals with awards of fees in "judicial proceedings" indicates that it is not concerned with the overall administrative proceeding but, rather, with the specific result obtained on judicial review).

That conclusion, however, does not fully answer the question whether the circuit court erred in awarding petitioner fees for prior work. That is because fees incurred prior to the judicial proceeding *can* be recovered if they contributed to the ultimate success in the judicial proceeding. *See, e.g.*, *Freedland v. Trebes*, 162 Or App 374, 378, 986 P2d 630 (1999) ("Statutes that authorize an award of attorney fees to a party who succeeds or prevails in a proceeding authorize an award for the fees reasonably incurred to achieve the success that the party actually achieved.").

By way of example, in *Fadel v. El-Tobgy*, 245 Or App 696, 709, 264 P3d 150 (2011), *rev den*, 351 Or 675 (2012), we held that a successful plaintiff in a probate case was entitled to fees for work her attorney had done in preparation for filing a first complaint, which was dismissed, because those fees were "reasonably incurred to achieve the success that the plaintiff eventually enjoyed in the litigation that followed the filing of a subsequent complaint." 245 Or App at 709 (internal quotation marks omitted). The court explained that the plaintiff was entitled to fees associated with the initial complaint because the initial complaint involved issues in common with the second, successful complaint. *Id.* at 710.

Petitioner asserts that, under *Fadel*, he is entitled to all fees reasonably incurred to achieve his ultimate success, including fees from previous administrative and judicial proceedings. Indeed, it appears that the circuit court, at least implicitly, agreed with that premise.

The difficulty, however, is that the previous proceedings did not involve the same issue on which petitioner achieved success in the proceeding before the circuit court and thus the fees associated with those proceedings were not reasonably incurred to achieve his ultimate success in the current proceeding. Petitioner achieved success in the judicial proceeding in the circuit court on the narrow issue of the sufficiency of PERS's explanations in its June 2021 final order.

In contrast, the issues in the previous administrative and judicial proceedings were, respectively, the timeliness of petitioner's dispute of a prior order issued by PERS;

and PERB's final order dismissing petitioner's request for a hearing regarding the timeliness of his appeal. The circuit court did not determine, and could not have determined, that work done in those prior proceedings contributed to petitioner's success in the judicial review proceeding before it and that fees associated with those proceedings were reasonably incurred to achieve petitioner's ultimate success. In the absence of that determination, the circuit court erred in awarding fees incurred prior to November 2020.

## ABUSE OF DISCRETION IN FEE AWARD

PERS's second argument is that the circuit court abused its discretion in awarding fees because, although PERS applied and interpreted ORS 238.450 erroneously, its position was reasonable. Petitioner responds that, in applying the relevant factors, the circuit court acted within the bounds of its discretion. We agree with petitioner that the circuit court did not abuse its discretion in awarding fees arising from the judicial proceeding before it.

In deciding whether to award attorney fees under ORS 183.497, a court must consider the factors in ORS 20.075(1). *Friends of Columbia Gorge v. Energy Fac. Siting Coun.*, 367 Or 258, 264, 477 P3d 1191 (2020). Here, the circuit court indicated that it considered each of the factors outlined in ORS 20.075(1) in finding that an award of attorney fees was justified. In particular, the circuit court referenced the fact that petitioner had to litigate for more than five years to receive a sufficient explanation about his account balance. *See* ORS 20.075(1)(a) (directing courts to consider "[t]he conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal"). It also observed that an award would encourage PERS members to seek sufficient explanations regarding their accounts. *See* ORS 20.075(1)(h) (directing courts to consider "[s]uch other factors as the court may consider appropriate under the circumstances of the case").

We conclude that the court acted within its discretion in awarding attorney fees to petitioner. Petitioner initially disputed his account balance in 2011, and it took

10 years before he received a legally sufficient explanation from PERS about his benefit. During those 10 years, PERS waited eight months to respond to petitioner's initial dispute; told petitioner it would follow up and then never did; issued an order that, on review to this court, was reversed and remanded for lack of substantial reason; on remand issued a revised order, then withdrew that order and issued a second order that was still legally inadequate at explaining its calculations.[6] PERS's conduct prolonged and delayed the resolution of petitioner's dispute and was an appropriate factor for the court to consider. The same is true of the court's conclusion that an award would encourage other members to seek information about their accounts.

PERS argues that an award of attorney fees is inappropriate because, although its interpretation of ORS 238.450 was erroneous, it was reasonable. It is true that the circuit court did not find that PERS's interpretation of the statute was unreasonable. That said, that factor alone does not preclude an award of attorney fees. *G.A.S.P. v. Environmental Quality Commission*, 222 Or App 527, 547, 195 P3d 66 (2008) ("[W]hile the objective reasonableness of an agency's actions is a consideration that militates—and, indeed can severely militate—against an award of discretionary attorney fees under ORS 183.497(1)(a), it does not necessarily preclude such an award.").

Additionally, this case is qualitatively different from the cases on which PERS relies in which the court found that the agencies had adopted erroneous legal positions but declined to award attorney fees because the agencies' positions were reasonable. *McKean-Coffman v. Employment Div.*, 314 Or 645, 649-50, 842 P2d 380 (1992); *Friends of Columbia Gorge*, 367 Or at 266. In both cases, no other factor in ORS 20.075(1) supported a fee award—the agencies were wrong, but reasonable. Here, as noted above, the circuit court awarded fees to petitioner based on factors other than the objective reasonableness of PERS's position. Accordingly, we conclude that the circuit court did not abuse

---

[6] Neither party argues that the circuit court erred in considering the entirety of the litigation under ORS 20.075(1)(a). Given the language in that statute and the purposes of ORS 183.497(1)(a), we agree that it was appropriate for the circuit court to consider PERS's conduct going back "more than five years."

its discretion in awarding fees to petitioner for work performed after November 2020.

Reversed and remanded.