No. 541             August 7, 2024             213

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Sir Giorgio Sanford CLARDY,
*Plaintiff-Appellant,*

*v.*

Dominic GANGITANO,
Heidi Steward, and John and Jane Does,
*Defendants-Respondents.*

Marion County Circuit Court
21CV23974; A179531

Lindsay R. Partridge, Judge.

Submitted July 7, 2023.

Sir Giorgio Sanford Clardy filed the brief for appellant *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Mooney, Judge.

MOONEY, J.

Reversed and remanded as to conversion and negligence claims; otherwise affirmed.

**MOONEY, J.**

Plaintiff is an adult in custody of the Oregon Department of Corrections (ODOC). After ODOC disposed of certain personal property that belonged to plaintiff, he brought this action against two ODOC employees, seeking monetary damages and injunctive relief. The procedural history in the trial court is somewhat complicated because the operative pleadings were amended several times and there was a series of summary judgment motions filed by the parties. Plaintiff appeals the general judgment of dismissal that was entered in favor of defendants after the trial court denied plaintiff's second motion for summary judgment and granted defendants' cross-motion for summary judgment. Plaintiff appeals from the judgment, raising four assignments of error. In his first assignment, he asserts that the trial court erred in granting defendants' cross-motion for summary judgment on the basis of discretionary immunity. In his second, third, and fourth assignments, he raises arguments regarding the trial court's summary judgment rulings as to each of the three tort claims alleged in his complaint—conversion, a claim under the Vulnerable Person Act (VPA), and negligence. As we explain, we conclude that the trial court erred in granting defendants' cross-motion for summary judgment on all of plaintiff's claims on the basis of discretionary immunity, ORS 30.265(6)(c).[1] We also conclude that as a matter of law, summary judgment cannot be sustained on plaintiff's negligence and conversion claims because there is an issue of fact. However, plaintiff's VPA claim fails on the merits because the undisputed facts d    emonstrate that plaintiff is not a "vulnerable person" within the meaning of ORS 124.100(1)(e); therefore, summary judgment on that claim is affirmed. We reverse, in part, and remand.

The facts relevant to discretionary immunity are not in dispute. Plaintiff is an inmate in ODOC custody. In June 2019, plaintiff was transported from the Oregon State Penitentiary (OSP) to the Multnomah County Detention

---

[1] ORS 30.265(6)(c) provides that employees and agents of public bodies "acting within the scope of their employment or duties" are immune from liability for "[a]ny claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Center (MCDC) for resentencing after we reversed some
of his convictions on appeal, and after the Supreme Court
denied review of our decision.[2] *State v. Clardy*, 286 Or App
745, 401 P3d 1188, *adh'd to as modified on recons*, 288 Or App
163, 406 P3d 219 (2017), *rev den*, 364 Or 680 (2019). On July
18, 2019, plaintiff wrote a letter to defendant Gangitano,
who is employed as a Correctional Corporal in the OSP
property room, to arrange for an outside party to pick up his
legal papers. Plaintiff also requested that his personal prop-
erty be held in the OSP property room pending his court
proceedings in Multnomah County. After MCDC contacted
OSP, Gangitano agreed to keep plaintiff's property at OSP
until January 1, 2020. Gangitano disposed of plaintiff's
property on May 1, 2020. Plaintiff returned to OSP in July
2020.

　　　In its letter ruling, the trial court described the
key issue on the question of discretionary immunity, and it
explained its determination that defendants were immune
from liability:

　　"*** [D]efendants have produced a declaration from
　　defendant Gangitano regarding his actions and knowl-
　　edge with respect to plaintiff's property. His declaration
　　clearly establishes his actions as alleged in plaintiff's
　　Third Amended Complaint were not outside the scope of his
　　employment. Plaintiff offers no credible evidence to which
　　a fact finder could conclude that either defendant Peters or
　　defendant Gangitano acted outside their scope of employ-
　　ment in disposing of his property.

　　"The Oregon Administrative Rules address the han-
　　dling of inmate property. Plaintiff argues that OAR 291-
　　117-0120(6) applies because the purpose of his being taken
　　to MCDC was a 'trip' for a court appearance. Defendants
　　argue that plaintiff was 'transferred' to a facility other
　　than ODOC for which OAR 291-117-[0110] applies.

　　"There is no genuine issue of material fact in dispute
　　as to where and when plaintiff was taken, when he was
　　returned to ODOC/OSP and that ODOC/OSP disposed
　　of his property prior to his return. As to whether going
　　to MCDC for over one year constituted a 'trip' for a court

---

[2] OSP is an ODOC facility, and MCDC is operated by the Multnomah County
Sheriff's Office.

appearance or a 'transfer' to a non-ODOC facility, this Court cannot conclude that Gangitano (and by extension Peters) improperly imposed the authority delegated by OAR 291-117-[0110]. The Court agrees that the actions of defendants in applying OAR 291-117-[0110] is 'both plausible and consistent' with the course and scope of their employment. Gangitano applied OAR 291-117-[0110] by concluding that plaintiff had been transferred to a facility outside of ODOC. This conclusion is consistent with the policy guidelines given him by OAR 291-117-[0110].

"* * * Under the circumstances, Gangitano's disposal decision was a discretionary decision that is entitled to immunity.

"Plaintiff provides no argument as to why Peters should be treated differently than Gangitano with respect to the immunity claim. Accordingly, this Court rules that Peters is also entitled to discretionary immunity to the extent that the claims otherwise would apply to her in an individual or official capacity."

(Footnotes omitted.)[3]

We review a trial court's ruling on cross motions for summary judgment to determine whether there are any genuine issues of material fact and whether any party is entitled to prevail as a matter of law. ORCP 47 C; *Lockner v. Farmers Ins. Co. of Oregon*, 333 Or App 27, 28, 551 P3d 975 (2024). The underlying facts regarding the discretionary immunity question are not in dispute and we therefore review for legal error.

On appeal, plaintiff contends in his first assignment of error that the trial court "erred by misapplying a prison rule" and therefore erred in concluding that discretionary immunity protects defendants. As an initial matter, we note that plaintiff does not challenge the trial court's determination that defendants were acting within the scope of their employment when disposing of plaintiff's property. He contends instead that defendants' actions amounted to routine decisions made in the course of their day-to-day activities,

---

[3] The trial court's letter refers to OAR 291-117-140 instead of OAR 291-117-0110. We understand that reference to be a typographical error. The trial court quotes the language of the rule, which is the language of OAR 291-117-0110(6); that is the rule that defendants based their decision upon.

which would not be protected by discretionary immunity. He also argues that defendants justify the disposal of his personal property under OAR 291-117-0110(6), when they should have followed OAR 291-117-0120(6) and stored his property until he returned to OSP. In response, defendants assert that they were acting in accordance with ODOC policy and that their construction of OAR 291-117-0110(6) was plausible and entitled to deference; therefore, according to defendants, they are immune from plaintiff's claims.

As to plaintiff's assertion that defendants' actions were routine decisions that are not protected by discretionary immunity, he did not develop that argument in the trial court or on appeal, and we will not develop it for him. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself").

Plaintiff argues that defendants should have applied OAR 291-117-0120(6). That administrative rule states, in part,

"When an inmate is transported from the facility for court appearances, medical trip or other authorized trip for a period longer than 24 hours, his/her personal property shall be inventoried, secured, and stored until such time the inmate returns to the facility."

Plaintiff argues that he had been transported to MCDC for a court appearance, and, therefore, defendants should have secured his property until he returned. He notes that while the rule applies only to authorized trips away from the facility that last a minimum period of 24 hours, it does not contain a maximum time period limitation. According to plaintiff, his personal property should have been stored until he returned to the facility.

In addition to arguing that OAR 291-117-0120(6) was the operative rule by its text, plaintiff submitted declarations from two other inmates, King and Boyd, that would support the inference that ODOC, too, viewed that rule as the one applicable to plaintiff's circumstances. Both

inmates attested to the fact that, when they were transported to county facilities for court proceedings, ODOC stored their personal property, even though they were gone for more than 45 days. King stated that, after prevailing on appeal in his criminal case, he was transported from OSP to Marion County for resentencing, where he remained from about October 7, 2020, to December 2, 2021. When he was returned to OSP following his resentencing, he was "given back all my personal property that was held by O.S.P.'s facility." Similarly, Boyd declared that, after his "appellate case was overturned," he was transported from OSP to Lane County for a court appearance. Boyd remained in Lane County for approximately a year, from January 2017 to January 2018, at which point he was returned to OSP. Upon his return to OSP, he received his personal property that OSP had stored while he was in Lane County.

Defendants argue that instead of applying OAR 291-117-0120(6), they correctly applied OAR 291-117-0110(6), which states,

> "Transfers to Facilities other Than Department of Corrections: If the inmate is transferred to a facility other than the Department of Corrections, it shall be the responsibility of the inmate to make arrangements to have the property mailed out or picked up by a designated individual. The inmate shall be responsible for the cost of postage to mail the item(s). If the inmate has not made these arrangements 45 days from the date of transfer, the property shall be disposed of as excess property in accordance with procedures set forth in Disposition of Property (OAR 291-117-0140)."

Defendants supported their cross-motion for summary judgment relating to their discretionary immunity defense with the declaration of defendant Gangitano. Gangitano stated that plaintiff's property qualified as "abandoned" under the rule and was disposed of for that reason on May 1, 2020. And, as noted above, defendants assert that we should defer to their plausible interpretation of that rule, arguing that the trial court did not err in concluding that they were entitled to immunity for exercising their discretion to apply that rule to plaintiff.

Discretionary immunity is a statutory doctrine embodied in ORS 30.265, which provides, as relevant to defendants' discretionary immunity defense, that,

"(6)   Every public body and its officers, employees and agents acting within the scope of their employment or duties \*\*\* are immune from liability for:

"\*\*\*\*\*

"(c)   Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Discretionary immunity insulates governmental bodies and their officers, employees and agents from liability that they would otherwise have for their decisions and associated conduct. The doctrine applies to decisions that are "the result of a choice involving the exercise of judgment." *Verardo v. Dept. of Transportation*, 319 Or App 442, 447, 510 P3d 983 (2022). But "not all discretionary decisions of governmental bodies constitute policy decisions entitled to discretionary immunity." *Id.* As we explained,

"The decision must be the result of a choice involving the exercise of judgment; the decision must involve public policy as opposed to the routine day-to-day decision-making of public officials; and the decision must be exercised by a body or person that has the responsibility or authority to make it. *Turner* [*v. Dept. of Transportation*, 359 Or 644, 652, 375 P3d 508 (2016)] (explaining that conduct is the performance of a discretionary function or duty when 'it is the result of a choice among competing policy considerations, made at the appropriate level of government'); *see also Lowrimore v. Dimmitt*, 310 Or 291, 296, 797 P2d 1027 (1990) (observing that discretionary immunity does not extend to 'routine decisions made by employees in the course of their day-to-day activities, even though the decision involves a choice among two or more courses of action')."

*Verardo*, 319 Or App at 447.

In *Westfall v. Dept. of Corrections*, 355 Or 144, 161, 324 P3d 440 (2014), the court explained that discretionary immunity under ORS 30.265(6)(c) "protects discretionary functions \*\*\* if they are carried out by employees or agents." It also noted two scenarios in which an action of

an employee generally would not be protected by discretionary immunity: (1) "when the employee, for whatever reason, wrongly fails to apply an otherwise immune policy to a particular case," and (2) when "[a]n employee applies an otherwise immune policy to inapplicable circumstances." *Id.* at 160.

It is defendants' burden to demonstrate entitlement to discretionary immunity. *Robbins v. City of Medford*, 284 Or App 592, 596, 393 P3d 731 (2017). "[S]ummary judgment is appropriate only if [defendants] establish[] all of the elements of the defense as a matter of law." *Id.* (Internal quotation marks omitted.) Said another way, the record must be such that all reasonable factfinders would be compelled to conclude that defendants sustained their burden. *Id.*

Defendants did not meet that burden. Whether compliance with an administrative rule or policy entitles a defendant to discretionary immunity depends on the circumstances. *Westfall*, 355 Or at 159-61. Relevant to the case at hand, discretionary immunity attaches when "an immune policy choice expresses a completed thought that fully controls how the employees should apply the policy to a particular case, and an employee correctly applies the policy to the case." *Id.* at 160. Discretionary immunity does not attach, however, when an "employee applies an otherwise immune policy to inapplicable circumstances." *Id.* We conclude that on this record, plaintiff's evidence that defendants stored the belongings of other inmates when they were away for more than 45 days for county court proceedings gives rise to a dispute of fact as to whether this is a situation in which defendants applied the otherwise immune policy choice embodied in OAR 291-117-0110(6) to the wrong circumstances.

In urging a contrary result, defendants assert that their interpretation of OAR 291-117-0110(6) to authorize the disposal of plaintiff's property under the circumstances is plausible and, therefore, entitled to deference under *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994).[4] But that legal principle applies only

---

[4] Regarding deference, we have explained that "[w]e defer to the agency's plausible interpretation of its own rule, including an interpretation made in the course of applying the rule, if that interpretation is not inconsistent with the

to interpretations rendered by agency personnel who possess interpretive authority. *See Wright v. PERB*, 292 Or App 538, 548, 425 P3d 442 (2018) (rule interpretation advanced through appellate argument was not the type of interpretation that is entitled to deference); *OR-OSHA v. Loy Clark Pipeline Co.*, 320 Or App 205, 210, 514 P3d 544, *rev den*, 370 Or 471 (2022) (stating "that deference is owed only to the authority that promulgated the rule, not to interpretations made by those without policy-making authority"). And there is no indication that the interpretation advanced by defendants is one rendered by someone with interpretive authority. Absent that type of interpretation, and given the evidence submitted by plaintiff of ODOC's inconsistent application of the rule, this is not a situation in which deference is appropriate. Absent deference, defendants are not entitled to judgment as a matter of law on the question of whether they applied the right rule to plaintiff's circumstances. The trial court therefore erred in dismissing all of plaintiff's claims on the basis of discretionary immunity.

Given our conclusion that defendants did not meet their burden on their discretionary immunity defense, we briefly turn to the other issues on appeal: whether summary judgment can be sustained on the ground that the undisputed facts demonstrate that, as a matter of law, plaintiff's claims fail on their merits.[5] On the VPA claim, the undisputed facts demonstrate as a matter of law that plaintiff is not a "vulnerable person" as defined by ORS 124.100(1)(e). We, therefore, affirm as to that claim, concluding that defendants were entitled to prevail on the VPA claim as a matter

---

wording of the rule, its context, or any other source of law." *DeLeon, Inc. v. DHS*, 220 Or App 542, 548, 188 P3d 354 (2008) (citing *Don't Waste Oregon Com.*, 320 Or at 142; *Papas v. OLCC*, 213 Or App 369, 377, 161 P3d 948 (2007); *Goin v. Employment Dept.*, 203 Or App 758, 763-64, 126 P3d 734 (2006)). Here, defendants applied OAR 291-117-0110(6) because, in their view, plaintiff was transferred to a facility other than ODOC—he was sent to MCDC, where he ultimately remained for over a year. There is a question of fact, however, about whether that rule is the one that ODOC officially interprets to apply to persons in plaintiff's situation, given the declarations submitted by plaintiff in opposition to defendants' cross-motion for summary judgment.

[5] The trial court made alternate rulings in the event we disagreed with its decision regarding discretionary immunity. It stated that it would grant the summary judgment motion as to the Vulnerable Person Act claim, but it would deny the motion as to the negligence and conversion claims because genuine issues of material fact exist as to those claims.

of law. As for the negligence and conversion claims, we agree with the trial court that defendants are not entitled to prevail as a matter of law because genuine issues of material fact remain as to whether plaintiff "abandoned" his property.

Reversed and remanded as to conversion and negligence claims; otherwise affirmed.